IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01609-BNB

JACQUES RICHARDSON,

    Plaintiff,

v.

COLORADO DEPT. OF CORRECTIONS,
SGT. MARY RICARD, and
CAPT. CASSANDRA METOYER,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG -6 2009

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff Jacques Richardson is a prisoner in the custody of the Colorado Department of Corrections ("DOC") at the Arkansas Valley Correctional Facility in Crowley, Colorado. Mr. Richardson initiated this action by filing *pro se* a complaint. On July 16, 2009, Mr. Richardson filed an amended complaint on the Court's Prisoner Complaint form. He asserts claims in this action pursuant to 42 U.S.C. § 1983.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Mr. Richardson is a prisoner and he is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b)(2), the Court is required to dismiss the amended complaint, or any portion of the amended complaint, that seeks monetary relief from a defendant entitled to immunity. For the reasons stated below, the Court will dismiss the amended complaint in part pursuant to § 1915A(b)(2).

The Court must construe the amended complaint liberally because Mr. Richardson is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." **Hall**, 935 F.2d at 1110. However, the Court should not be an advocate for a **pro se** litigant. **See id.**

Mr. Richardson complains that he was assaulted by one of the individual Defendants on August 10, 2008, and that he subsequently was demoted from his position in the bakery to a position in the janitorial department when he filed a grievance against the officer who assaulted him. In addition to naming as Defendants the individuals who allegedly violated his rights, Mr. Richardson is suing the DOC because the DOC has custody of Mr. Richardson, employs the individual Defendants, is responsible for the training and conduct of the individual Defendants, and does not follow federal guidelines with respect to the inmate grievance procedure.

Mr. Richardson may not sue the DOC in this action. The DOC, which is an agency of the State of Colorado, **see** Colo. Rev. Stat. § 24-1-128.5, is protected by Eleventh Amendment immunity. **See Will v. Michigan Dep't of State Police**, 491 U.S. 58, 66 (1989). Therefore, the DOC is immune from suit unless the State of Colorado has made an express waiver of its Eleventh Amendment immunity and consented to suit in federal court or Congress has abrogated Eleventh Amendment immunity. **See**

*Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1195-96 (10th Cir. 1998). For the state and its agencies, Eleventh Amendment immunity extends to suits for damages and injunctive relief. *See id.* at 1196.

The State of Colorado has not waived its Eleventh Amendment immunity. *See Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988). Furthermore, congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity. *See Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). Therefore, the DOC is entitled to Eleventh Amendment immunity and will be dismissed as a party to this action pursuant to § 1915A(b)(2).

The Court will not address at this time the merits of Mr. Richardson's claims against the individual Defendants. Instead, this action will be drawn to a district judge and to a magistrate judge.

Finally, Mr. Richardson has filed on July 22, 2009, a document titled "Plaintiff's Motion for Relief" in which he asks to be transferred to a different prison facility. Mr. Richardson bases his request for a transfer on allegations that he has been placed in segregation on false charges twice since July 6, 2009, that prison officials are tampering with his meals by placing human hairs in his food, and that a deadly confrontation could result if he encounters a particular inmate whose family members testified against Mr. Richardson in a criminal case. The Court will construe "Plaintiff's Motion for Relief" as a motion for a preliminary injunction or temporary restraining order. "Plaintiff's Motion for Relief" will be denied because the allegations in that motion are unrelated to the claims Mr. Richardson is asserting in this action. Accordingly, it is

ORDERED that the DOC is dismissed as a party to this action pursuant to 28 U.S.C. § 1915A(b)(2). It is

FURTHER ORDERED that "Plaintiff's Motion for Relief" filed on July 22, 2009, is denied. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 5 day of Aug., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01609-BNB

Jacques Richardson
Prisoner No. 100851
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  8/6/09  .

GREGORY C. LANGHAM, CLERK

By: _____
         Deputy Clerk