IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01609-REB-MEH

JACQUES RICHARDSON,

      Plaintiff,

v.

SGT. MARY RICARD and
CAPT. CASSANDRA METOYER,

      Defendants.

---

## RECOMMENDATION

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Defendants' combined Motion to Dismiss the First Claim for Relief and Motion for Summary Judgment [filed October 13, 2009; docket #20]. Pursuant to 28 U.S.C. § 636(b) and D.C. Colo. LCivR 72.1C, the matter is referred to this Court for recommendation. (Docket #21.) The Motion is fully briefed, and oral argument would not materially assist the Court in its adjudication. For the reasons set forth below, the Court **RECOMMEND**S that Defendants' Motion to Dismiss the First Claim for Relief be **GRANTED** and Defendants' Motion for Summary Judgment be **DENIED**.[1]

---

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and

## BACKGROUND

Plaintiff, proceeding *pro se*, initiated this Section 1983 action on July 8, 2009.  (Docket #3.)

Plaintiff filed an Amended Complaint, which is the governing pleading, on July 16, 2009.  (Docket

#5.)  After initial review, the District Court dismissed the Colorado Department of Corrections as

a party and permitted Plaintiff's case to proceed against Defendants Ricard and Metoyer.  (Docket

#10.)  Plaintiff brings the following three claims: 1) violation of the Eighth Amendment prohibition

against cruel and unusual punishment; 2) violation of the First Amendment protection of freedom

of speech; and 3) retaliation.  Plaintiff requests payment of his fees and expenses related to this

proceeding, fifty thousand dollars in compensatory damages, and declaratory judgment that "persons

in a position of authority trust power must not abuse such power."  (Docket #5 at 8.)

Plaintiff is presently in the custody of the Colorado Department of Corrections at the Limon

Correctional Facility.[2]  Plaintiff's claims arise out of his previous position as a baker at the bakery

in the Arkansas Valley Correctional Facility where he was incarcerated on August 10, 2008.  On that

date, Plaintiff alleges he was reading a recipe which Defendant Ricard "attempted to snatch . . . from

Plaintiff's hand."  (Docket #5 at 3.)  Plaintiff states that Defendant Ricard was not successful in

"snatching" the recipe, so Defendant Ricard "struck Plaintiff in the mid-section with a punch to

cause pain and use of excessive force."  (*Id*.)  Plaintiff represents that he reported the incident to

Defendant Metoyer, and that he filed a grievance upon the recommendation by "Lt. Rose," who is

recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

[2]On January 29, 2010, the Court confirmed Petitioner's location through the Colorado Department of Corrections Inmate Locator, at *https://exdoc.state.co.us/inmate_locator/ search_form.php*.

not named as a party in this proceeding.  (*Id.*)  Once Plaintiff filed the grievance, he was "removed from the bakery to Janitorial."  (*Id.*)  Plaintiff attests "he was removed to avoid further fallout of the incident."  Subsequently, Defendant Ricard was "placed over the Janitorial Dept."  (*Id.*)  Plaintiff says he requested to return to the bakery but was refused "because [he] had filed a grievance and did not allow [Defendant] Metoyer to take care of the situation her way (in-house)."  (*Id.*)

## DISCUSSION

Defendants submit a combined motion.  Defendants request summary judgment and dismissal of Plaintiff's case in full for his alleged failure to exhaust administrative remedies.  In the alternative, Defendants request dismissal of Plaintiff's first claim, premised on an Eighth Amendment violation, for failure to state a claim and pursuant to an assertion of qualified immunity by Defendant Ricard.

As Plaintiff proceeds *pro se*, the Court must construe his "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted).  The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."  *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## I.     Motion for Summary Judgment

### A.     Standard for Summary Judgment

A motion for summary judgment serves the purpose of testing whether a trial is required. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003).  The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  A fact is material if it might affect the outcome of the suit under the governing substantive law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The moving party bears the initial responsibility of providing to the Court the factual basis for its motion.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Maldonado v. City of Altus*, 433 F.3d 1294, 1302 (10th Cir. 2006).  The non-moving party has the burden of showing there are issues of material fact to be determined.  *Celotex*, 477 U.S. at 322.  If the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial.  *Hysten v. Burlington N. and Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002); Fed. R. Civ. P. 56(e).  These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56(c), *except* the mere pleadings themselves.'"  *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324) (emphasis added).  The Court must view the record and draw "all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

### B.     Legal Requirement to Exhaust Administrative Remedies

The administrative remedies provision of the PLRA states:

> No action shall be brought with respect to prison conditions under section
> 1983 of this title, or any other Federal law, by a prisoner confined in any

jail, prison, or other correctional facility until such administrative remedies
as are available are exhausted.  § 42 U.S.C. 1997e(a).

The Supreme Court determined that "exhaustion is mandatory under the PLRA" and "unexhausted

claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 918-19 (2007).

The exhaustion of administrative remedies need not be pleaded in the complaint but must be raised

as an affirmative defense. *Jones*, 127 S. Ct. at 921.  The rules governing the administrative remedy

obligation are not articulated by the PLRA, but are defined by the respective prison's grievance

process.  *Id*. at 922.  In order to "properly exhaust" in satisfaction of the PLRA requirement, the

plaintiff prisoner must comply with prison grievance procedures.  *Id*. at 922-23.  Therefore,

according to *Jones*, claims that have not been through the prison grievance process may not be

brought in court.

### C.    *Exhaustion of Remedies Analysis*

Defendants assert that Plaintiff failed to exhaust administrative remedies before bringing this

lawsuit "by not complying with prison grievance procedures."  (Docket #20 at 6.)  Defendants rely

on a letter written by Grievance Officer Anthony DeCesaro in response to Plaintiff's Step III

Grievance, dated February 12, 2009, which informed Plaintiff that he had "not exhausted [his]

administrative remedies."  (*Id*. at 7; docket #30-2 at 1, 3.)  In the letter, Officer DeCesaro stated that

Plaintiff "failed to follow the grievance procedure in this matter by not requesting a viable remedy,"

and that this determination would be "the final administrative action in this matter."  (Docket #20-2

at 3.)   Additionally, Officer DeCesaro informed Plaintiff that the regulatory time constraints

governing the administrative remedy process had expired, so "there [would] be no further review

. . . ."  (*Id*.)  Thus, Defendants contend all of Plaintiff's claims should be dismissed for his failure

to comply with the applicable prison grievance procedure.  (Docket #20 at 7.)

Plaintiff's response to Defendants' Motion for Summary Judgment, albeit rather brief, directs

the Court to a letter sent to Plaintiff by Michael Arellano, the Warden of the Arkansas Valley Correctional Facility. (Docket #30 at 3, 5.) In this letter, dated January 27, 2009, Warden Arellano states Plaintiff "addressed the issue through the grievance process and [he has] exhausted all remedies." (*Id*. at 5.) The issue referred to is the August 10, 2008 incident, which is the factual basis for the lawsuit Plaintiff now brings. (*Id*.) Officer DeCesaro's letter does not reference Warden Arellano's letter.

In reply, Defendants contend that "it is the grievance officer's responsibility to certify whether or not an offender has exhausted the grievance process," thereby suggesting the letter from the Warden is negated by Officer DeCesaro's representation that Plaintiff had not exhausted administrative remedies. (Docket #31 at 3.) With their reply, Defendants include a copy of the administrative regulations establishing the applicable grievance procedures, which explains that "the decision of the grievance officer is the final agency action." (Docket #31-3 at 8.)

"To be 'available' under the PLRA, a remedy must afford 'the possibility of some relief for the action complained of.'" *Williams v. Sirmon*, No. 09-cv-7043, 2009 WL 3403184, at *3 (10th Cir. 2009) (citing *Booth v. Churner*, 532 U.S. 731, 738 (2001)). Although not expressly adopted by the Tenth Circuit, "a three-part inquiry . . . in cases where a prisoner plaintiff plausibly seeks to counter defendants' contention that the prisoner has failed to exhaust available administrative remedies" is persuasive in this jurisdiction.[3] *See Williams*, 2009 WL 3403184, at *2 (citing *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004)). According to the Tenth Circuit,

> The first step is to "ask whether administrative remedies were in fact available to the prisoner." The next step is to "inquire as to whether the defendants may have

---

[3]In *Williams*, the Tenth Circuit states it has not adopted the three-part inquiry approach (citing to an unpublished non-precedential decision) and it does "not expressly adopt it." Notably, the *Williams* Court appears to loosely utilize the inquiry, thus this Court looks to such inquiry as persuasive authority.

forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it, or whether the defendants' own actions inhibiting the inmate's exhaustion of remedies may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense." Finally: "If the court finds that administrative remedies were available to the plaintiff, and that the defendants are not estopped and have not forfeited their non-exhaustion defense, but that the plaintiff nevertheless did not exhaust available remedies, the court should consider whether special circumstances have been plausibly alleged that justify the prisoner's failure to comply with administrative procedural requirements."

*Williams*, 2009 WL 3403184, at *2-3 (citations and some quotations omitted). Furthermore, the Tenth Circuit explicitly requires that "[c]ourts . . . 'are obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials.'" *Escobar v. Reid*, 240 F. App'x 782, 784 (10th Cir. 2007) (citing *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007)).

Here, it appears that administrative remedies were indeed available to Plaintiff, as he submitted requests leading up to the Step III Grievance referenced by Officer DeCesaro. In evaluation of the second part of the inquiry, Defendants do raise the affirmative defense of failure to exhaust; however, considering the discrepancy in the letters sent to Plaintiff, both from sources of authority within the prison system, the Court believes that Defendants' "own actions inhibit[ed] the inmate's exhaustion of remedies." Warden Arellano's letter was sent to Plaintiff, the Deputy Director of Prisons, the Associate Warden, a Programs Manager, and Plaintiff's case manager. (Docket #30 at 5.) Approximately two weeks later and without any reference to the Warden's letter, Officer DeCesaro's letter was sent to Plaintiff and an individual in Offender Records, and copies were included in a "working file" and "grievance file." (Docket #20-2 at 3.) It could hardly be Plaintiff's responsibility, as an incarcerated individual, to confirm that the right hand of the prison administrative process knew what the left hand was doing. In light of the Court's obligation to certify that prison officials do not impede a prisoner's exhaustion of administrative remedies, the

Court finds summary judgment based on failure to exhaust is inappropriate in this matter. Therefore, the Court recommends that the portion of Defendants' Motion requesting summary judgment be denied.

## II.   Motion to Dismiss the First Claim for Relief

### A.   Standard for Fed. R. Civ. P. 12(b)(1) and (6) Dismissal

Defendants contend that Plaintiff's first claim for relief "does not rise to the level of blame associated with an Eighth Amendment violation." (Docket #2 at 20.) "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Twombly* evaluation requires two prongs of analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id*. at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Defendants further assert that Defendant Ricard is entitled to qualified immunity. (Docket #20 at 4.) Qualified immunity protects government officials sued in their individual capacities "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). It is an entitlement to not stand trial or face the other burdens of litigation. *Ahmad v. Furlong,* 435 F.3d 1196, 1198 (10th Cir. 2006) (internal quotations and

citations omitted).  The privilege is an immunity from suit rather than a mere defense to liability.  *Id.*  The Supreme Court established that evaluating the defense of qualified immunity is a threshold issue.  *Siegert v. Gilley*, 500 U.S. 226, 231 (1991).  "When a defendant asserts qualified immunity at summary judgment, the burden shifts to the plaintiff to show that: (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established."  *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009) (citing *Pearson v. Callahan*, 129 S. Ct. 808, 815-16 (2009)).

### B.    Legal Standard: Alleged Eighth Amendment Violation

Under the Eighth Amendment, prisoners are constitutionally entitled to "humane conditions of confinement guided by 'contemporary standards of decency.'"  *Penrod v. Zavaras*, 94 F.3d 1399, 1405 (10th Cir. 1996) (quoting *Estelle v. Gamble,* 429 U.S. 97, 103 (1976)).  Accordingly, prison officials must "ensur[e] inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and ... tak[e] reasonable measures to guarantee the inmates' safety."  *Barney v. Pulsipher,* 143 F.3d 1299, 1310 (10th Cir. 1998) (citing *Farmer v. Brennan,* 511 U.S. 825, 832-33 (1994)).  The Eighth Amendment "prohibits 'the unnecessary and wanton infliction of pain' on prisoners."  *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1152 (10th Cir. 2006).  In prison confinement cases, the Court must "examine 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Williams v. Berney*, 519 F.3d 1216, 1221 (10th Cir. 2008) (citing *Serna*, 455 F.3d at 1152).  Plaintiff must demonstrate "(1) that 'the alleged wrongdoing was objectively harmful enough to establish a constitutional violation,' and (2) 'that the officials acted with a sufficiently culpable state of mind.'"  *Serna*, 455 F.3d at 1152 (citation omitted).  The Court "can infer malicious, sadistic intent from the conduct itself where 'there can be no legitimate purpose' for the officers' conduct."  *Id.*

### C.      *Eighth Amendment Claim Analysis*

In their Motion to Dismiss, Defendants assert that Plaintiff's first claim alleging an Eighth Amendment violation fails to state a plausible claim for relief.  Construing the Amended Complaint liberally as it must, the Court determines that Plaintiff contends Defendant Ricard violated the Eighth Amendment by "striking Plaintiff in mid-section to cause pain" in the bakery on August 10, 2008.  (Docket #5 at 4.)  In his response to Defendants' motion, Plaintiff represents that Defendant Ricard admitted to the "assault" during a meeting, and Defendant Ricard "intended to cause malicious harm and pain to Plaintiff when she was unable to snatch a recipe from the Plaintiffs hands."  (Docket #30 at 2.)  Defendants argue that Plaintiff's claim lacks merit because Plaintiff endured no severe pain or lasting injury, and the act was not "shocking or brutal."  (Docket #20 at 4; docket #31 at 2.)

The Court concludes Plaintiff fails to state a plausible claim of an Eighth Amendment violation.  The Court perceives the event giving rise to this action in two lights, pursuant to the facts described by Plaintiff.  The incident was one of either horseplay in the bakery between Plaintiff and Defendant Ricard, or disobedience by Plaintiff to a request for the recipe by Defendant Ricard.  In either situation, the act of the single punch to Plaintiff's mid-section with the purpose of obtaining a recipe, although inappropriate and somewhat troubling, does not demonstrate the level of maliciousness or sadistic intent required for a constitutional violation.  "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)).  *See also George v. Evans*, 633 F.2d 413, 415-16 (5th Cir. 1980) ("An isolated assault by an individual guard on an inmate is not, within the meaning of the eighth amendment, punishment." (citations omitted)); *Powell v. Wilner*, No. 06-cv-00545-WYD-MEH,

2009 WL 840756, at *8-9 (D. Colo. Mar. 30, 2009) (finding a prisoner plaintiff's allegations that the warden pushed him in the middle of his chest and his shoulder for the purpose of coercing the prisoner into a confession does not violate the Eighth Amendment).  Furthermore, Plaintiff does not describe any injury resulting from the single punch, thus, the Court determines the alleged wrongdoing was not objectively harmful in a manner implicating cruel and unusual punishment.[4] *See Powell*, 2009 WL 840756, at *9 (absence of injury or pain indicates use of force was *de minimis* and thus non-implicative of a constitutional violation).

For these reasons, the Court finds Plaintiff fails to state a plausible claim for relief pursuant to the Eighth Amendment, and Defendant Ricard is indeed entitled to qualified immunity as to Plaintiff's Claim One.  The Court therefore recommends that the portion of Defendants' Motion requesting partial dismissal be granted and Plaintiff's Claim One be dismissed with prejudice.

### CONCLUSION

Accordingly, the Court RECOMMENDS that Defendants' combined Motion to Dismiss the First Claim for Relief and Motion for Summary Judgment [filed October 13, 2009; docket #20] be **GRANTED IN PART** and **DENIED IN PART** as stated herein.[5]

---

[4]The Court recognizes that *Hudson* eliminated any finite requirement for "serious" or "significant" injury in evaluating an Eighth Amendment excessive force claim.  503 U.S. at 7-8.  However, in this matter, Plaintiff alleges no injury at all, let alone a "serious" injury, resulting from Defendant Ricard "striking Plaintiff in mid-section to cause pain."  (Docket #5 at 4.)

[5]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  Fed. R. Civ. P. 72.  The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations.  *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the

Dated at Denver, Colorado, this 1st day of February, 2010.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge

---

aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).