# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 09-cv-01609-REB-MEH

JACQUES RICHARDSON,

     Plaintiff,

v.

SGT. MARY RICARD, and
CAPT. CASSANDRA METOYER,

     Defendants.

## ORDER ADOPTING IN PART AND REJECTING IN PART
## RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

The matters before me are (1) the magistrate judge's **Recommendation** [#37] filed February 1, 2010; and (2) the objections contained in **Plaintiff's Response to Court's Recommendation** [#42] filed March 5, 2010.[1]  I sustain plaintiff's objections and, thus, reject the recommendation that defendants' motion to dismiss be granted as to plaintiff's Eighth Amendment claim.  I approve and adopt the recommendation insofar as it recommends that defendants' motion for summary judgment be denied.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which cognizable objections have been filed, and have considered carefully the recommendation, the objections, and the applicable case law.  Moreover,

---

[1] Plaintiff's objections were not originally filed with the court.  The court became aware of them only because defendants, who did receive a copy of the document, filed a response.  (**Defendants' Response to Plaintiff's Objection to the Magistrate Judge's Recommendation** [#39] filed February 22, 2010.)  The Attorney General's office kindly forwarded a copy of plaintiff's objections to the court on request of the court, and I have ordered that the document be docketed.

because plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Belmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21,92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

Defendants have not objected to that portion of the magistrate judge's recommendation that recommends that their motion for summary judgment on the ground that plaintiff has failed to exhaust his administrative remedies be denied, and I perceive no plain error in that determination. **See Morales-Fernandez v. Immigration & Naturalization Service**, 418 F.3d 1116, 1122 (10th Cir. 2005).[2] Thus, I approve and adopt the magistrate judge's recommendation insofar as it recommends that defendants' motion for summary judgment on the grounds of failure to exhaust be denied.

However, I cannot agree with the magistrate judge's further conclusion that plaintiff's Eighth Amendment claim must be dismissed for failure to state a claim. The magistrate judge asserted that the facts alleged by plaintiff failed to "demonstrate the level of maliciousness or sadistic intent required for a constitutional violation." (**Recommendation** at 10 [#37] filed February 1, 2010.) I respectfully disagree.

---

[2] Indeed, defendants have now filed a second motion for summary judgment addressing these claims. (**See Defendants' Motion for Summary Judgment (Supporting Authorities Include Herein)** [#41] filed February 23, 2010.) Should defendants wish to file a successive summary judgment motion as to the Eighth Amendment claim in light of my ruling, they should apprise themselves of my Civil Practice Standards governing page limitations on motions for summary judgment. (**See REB Civ. Practice Standard** V.I.4.a.)

2

Plaintiff, who was incarcerated at Arkansas Valley Correctional Facility at the time of the incident and worked in the bakery there, asserts that on August 10, 2008, while he was in the bakery, defendant Sgt. Mary Ricard "attempted to snatch" a recipe from his hands, but was unsuccessful. Richard allegedly then punched plaintiff in the mid-section. The magistrate judge stated that these facts could be construed to demonstrate either "horseplay" between plaintiff and Ricard or disobedience by plaintiff to Ricard's authority. (**Recommendation** at 10 [#37] filed February 1, 2010.)

However, I find that the allegations of the amended complaint can be read alternatively, and more cogently, to support plaintiff's contention that Ricard's attack on him was wholly unprovoked. Construed in that manner, the amended complaint adequately asserts a claim for violation of his rights pursuant to the Eighth Amendment. "Where no legitimate penological purpose can be inferred from a prison employee's alleged conduct . . . the conduct itself constitutes sufficient evidence that force was used maliciously and sadistically for the very purpose of causing harm." ***Giron v. Corrections Corporation of America***, 191 F.3d 1281, 1290 (10th Cir. 1999) (citations and internal quotation marks omitted). A wholly unprovoked assault satisfies that standard. The allegations of the amended complaint support such an interpretation of the underlying incident and, therefore, adequately set forth a plausible Eighth Amendment claim.

Moreover, it was clearly established as of August 10, 2008, that an inmate's allegation of an unprovoked assault by prison officials is sufficient to state a claim under the Eighth Amendment. ***See United States v. Bailey***, 444 U.S. 394, 423, 100 S.Ct.

624, 641, 62 L.Ed.2d 575 (1980) ("It cannot be doubted that excessive or *unprovoked violence* and brutality inflicted by prison guards upon inmates violates (sic) the Eighth Amendment.") (emphasis added); **see also Purkey v. Green**, 28 Fed. Appx. 736, 744 (10th Cir. 2001) (citing **Hudson v. McMillan**, 503 U.S. 1, 9, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992)); **Thompson v. Gaines**, 2006 WL 1675608 at *6-7 (D. Kan. June 13, 2006).[3] Thus, it would be inappropriate to accept Ricard's alternative argument that she is entitled to qualified immunity from this claim. **See Harlow v. Fitzgerald**, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982) (officials immune from civil liability unless they violate "clearly established statutory or constitutional rights of which a reasonable person would have known").

**THEREFORE, IT IS ORDERED** as follows:

1. That the objections contained in **Plaintiff's Response to Court's Recommendation** [#42], filed March 5, 2010, are **SUSTAINED**;

2. That the magistrate judge's **Recommendation** [#37] filed February 1, 2010, is **APPROVED** and **ADOPTED IN PART** as an order of this court insofar as it recommends denying defendants' motion for summary judgment for failure to exhaust administrative remedies;

3. That the **Recommendation** [#37] filed February 1, 2010, is **REJECTED IN PART** insofar as it recommends that defendants' motion to dismiss plaintiff's Eighth

---

[3] Relatedly, the Supreme Court has reaffirmed recently that the extent of the prisoner's injury is not a proper consideration under the Eighth Amendment. **See Wilkins v. Gaddy**, – S.Ct. –, 2010 WL 596513 at *3 (Feb. 22, 2010) (per curiam). The Court made clear, however, that it merely was reaffirming well established law, **id.**, 2010 WL 596513 at *2-3, and the Tenth Circuit's interpretation of the Eighth Amendment accords with this precedent, **see, e.g.**, **United States v. LaVallee**, 439 F.3d 670, 687 (10th Cir. 2006).

Amendment claim be granted; and

4. That **Defendants Ricard and Metoyer's Motion To Dismiss the First Claim for Relief and Motion for Summary Judgment (Supporting Authorities Incorporated Herein)** [#20] filed October 13, 2009, is **DENIED**.

Dated March 8, 2010, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge