IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01609-REB-MEH

JACQUES RICHARDSON,

    Plaintiff,

v.

SGT. MARY RICARD and
CAPT. CASSANDRA METOYER,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court are Plaintiff's Motion to Appoint Counsel [filed May 10, 2010; docket #72], Plaintiff's Request for Discovery [filed May 10, 2010; docket #77], Plaintiff's "Supplemental Motion to Defendants Dismissal and Summary Judgement Motion" [filed May 10, 2010; docket #78], Plaintiff's "Response to Defendants Response to Plaintiffs Compel Motion" [filed May 10, 2010; docket #79], and Plaintiff's second Motion for Appointment of Counsel [filed May 12, 2010; docket #81]. The motions are referred to this Court for disposition. (Dockets ##80, 83.) Oral argument would not assist the Court in its adjudication of these matters. The Court orders as follows.

**I.    Motion to Appoint Counsel**

Plaintiff requests the Court to appoint counsel to represent him in this lawsuit. The Court does not have the power to appoint an attorney over his or her objection, *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 310 (1989), nor does the Court have

1

funds available to pay an attorney who agrees to represent an indigent litigant in a civil case. Absent the power to appoint counsel to a case, the Court can only seek volunteer counsel to represent a plaintiff such as this Plaintiff. The Clerk of the Court maintains a list of *pro se* cases for which the court is seeking volunteer counsel.

The Court will only seek volunteer counsel for a *pro se* plaintiff if a consideration of the following factors so warrants: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the plaintiff's ability to present his claims, and (4) the complexity of the legal issues raised. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). A further consideration is whether there exists any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the *pro se* plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *See Rucks*, 57 F.3d at 979.

In this case, Plaintiff has demonstrated his ability to frame facts and adequately state his claims for relief. However, this matter is set for a trial by jury to commence on July 12, 2010. (Docket #29 at 1.) At least one of Plaintiff's claims will likely proceed to trial. (*See* docket #44.) The Court finds that this circumstance warrants placement of Plaintiff's case on the volunteer list. However, Plaintiff should be cautioned that placement of Plaintiff's name on the Court's volunteer counsel list does not guarantee that an attorney will volunteer to undertake representation of this case. Therefore, unless and until an attorney voluntarily selects Plaintiff's case from the list of *pro se* cases, and agrees to undertake representation on a volunteer basis, the Court can do no more in this regard.

Accordingly, the Court **grants in part** and **denies in part** Plaintiff's Motion to Appoint Counsel [filed May 10, 2010; docket #72]. The motion and request are granted in that Plaintiff's case will be placed on the list of *pro se* cases for which the Court is seeking volunteer counsel maintained by the CJA/Pro Se Division of the Clerk's Office, but denied in that counsel will not be appointed by the Court.

**II.     Request for Discovery**

Plaintiff asks the Court to compel production of:

1. Any and all investigative reports, memos, notes, letters and video tape pertaining to the incident in question that is in the custody of the Colorado Dept. Of Corrections, employees and the inspector generals office.

2. Names, D.O.C. # and location of the 3 inmates who were working with Plaintiff in the bakery the day in question. If still within D.O.C. where?

3. Complete copies of the Colorado Dept of Corrections administrative regulations # 1450-01, 1150-04, 850-01.

4. A complete and current copy of AVCF orientation handbook given to offenders.

5. Defendant Sgt. Mary Ricard's employee file. Plaintiff does not seek personal info such as addresses, phone numbers, SSN or any financial records. Plaintiff seeks performance records, complaints, citations any investigations and training evaluations, demotions.

6. Defendant Cpt. Cassandra Metoyer's employee file. Plaintiff does not seek personal info such as addresses, phone numbers, SSN or any financial records. Plaintiff seeks performance records, complaints, citations any investigations and training evaluations, demotions.

7. Plaintiffs monthly work reports of his work history within the Colorado Dept. of Corrections.

(Docket #77 at 2-3.)

The Court discussed these requests with the parties on the record during the Final Pretrial Conference on May 5, 2010. (Docket #69.) The Court ordered Counsel for Defendants to ask

Defendants Ricard and Metoyer to inquire of the Department of Corrections whether the discovery requested by Plaintiff exists and can be obtained. (*Id*. at 1.) If the discovery requested can be obtained, Counsel for Defendants will provide that discovery to Plaintiff by June 1, 2010. (*Id*.) As stated at the Final Pretrial Conference, because Plaintiff sues to individual defendants in their individual capacities, he is entitled to discovery only within those individual defendants' personal possession. Accordingly, the Court **denies without prejudice** Plaintiff's Request for Discovery [filed May 10, 2010; docket #77], pending the June 1, 2010, deadline stated at the Final Pretrial Conference.

Should Plaintiff request the Court to order discovery from a third party, Plaintiff must do so consistent with Fed. R. Civ. P. 45. The Court recognizes the right of any civil litigant to subpoena documents from third parties pursuant to Fed. R. Civ. P. 45. However, although the Court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). As Plaintiff proceeds *in forma pauperis*, any subpoena served would be served by the United States Marshal. *See Windsor v. Martindale*, 175 F.R.D. 665, 670 (D. Colo. 1997). In order to ensure an expenditure of resources on behalf of Plaintiff would be conducted properly, the Court instructs Plaintiff as follows:

> If the plaintiff submits a new request for subpoenas, it must include (1) the name and address of the witness(es) he wishes to subpoena, and (2) a *detailed* explanation of the purpose of the subpoena regarding the production of documents from the witness. . . . If the plaintiff is seeking production of documents, he must describe the documents with specificity and explain why the documents sought are relevant or reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

*Pinson v. Revell*, No. 08-cv-01023-MSK-BNB, 2008 WL 5233592, at *1 (D. Colo. Dec. 15, 2008).

Plaintiff should also be prepared to demonstrate that he has made arrangements for the payment of any costs associated with the preparation or copying of documents requested. *Hawkinson v. Montoya*, No. 04-cv-01271-EWN-BNB, 2006 WL 1215397, at *2 (D. Colo. May 4, 2006) (citing *Windsor*, 175 F.R.D. at 670 (stating "being allowed to proceed *in forma pauperis* does not excuse tendering of the required witness fee and mileage" (citations omitted)).

III. **"Supplemental Motion to Defendants Dismissal and Summary Judgement Motion"**

The Court construes Plaintiff's "Supplemental Motion to Defendants Dismissal and Summary Judgement Motion" as a supplement to Plaintiff's response to Defendants' prior Motion to Dismiss and Motion for Summary Judgment. (*See* dockets ##20, 30.) The District Court ruled on this motion on March 8, 2010. (Docket #44.) Accordingly, the Court **denies as moot** Plaintiff's "Supplemental Motion to Defendants Dismissal and Summary Judgement Motion" [filed May 10, 2010; docket #78].

IV. **"Response to Defendants Response to Plaintiffs Compel Motion"**

The Court construes Plaintiff's "Response to Defendants Response to Plaintiffs Compel Motion" to restate Plaintiff's Motion to Compel (docket #55) and Request for Discovery (docket #77) as discussed above, as well as a request to enter on the docket certain motions included with this "Response." (Docket #79 at 4.) The Court denies without prejudice the portion of this motion regarding further discovery for the same reasons previously stated. The Court denies as moot the motion to the extent it asks the Clerk of Court to enter the additional enclosed motions, as the Clerk of Court did so, evidenced by Dockets ##72-29. Accordingly, the Court denies without prejudice in part and denies as moot in part Plaintiff's "Response to Defendants Response to Plaintiffs Compel Motion" [filed May 10, 2010; docket #79].

### V.    Conclusion

The Court ORDERS as follows:

Plaintiff's Motion to Appoint Counsel [filed May 10, 2010; docket #72] is **granted in part** and **denied in part**: the motion is granted in that the Court directs the Clerk of Court to place Plaintiff's case on the list of *pro se* cases for which the Court is seeking volunteer counsel maintained by the CJA/Pro Se Division of the Clerk's Office, but denied in that counsel will not be appointed by the Court;

Plaintiff's Request for Discovery [filed May 10, 2010; docket #77] is **denied without prejudice**, pending the June 1, 2010, deadline stated at the Final Pretrial Conference;

Plaintiff's "Supplemental Motion to Defendants Dismissal and Summary Judgement Motion" [filed May 10, 2010; docket #78] is **denied as moot**;

Plaintiff's "Response to Defendants Response to Plaintiffs Compel Motion" [filed May 10, 2010; docket #79] is **denied without prejudice in part** and **denied as moot in part**, as stated herein; and

Plaintiff's second Motion for Appointment of Counsel [filed May 12, 2010; docket #81] is **denied as duplicative** of Plaintiff's motion at docket #72.

Dated this 13th day of May, 2010, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge